United States District Court
Southern District of Texas
**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADEL BOLANOS LEON, *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01476 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Before the Court are Petitioner Adel Bolanos Leon's ("Petitioner") Amended Petition for Writ of Habeas Corpus (Doc. #13), Respondents' Response to the Petition for Writ of Habeas Corpus (the "Response") (Doc. #15), and Petitioner's Motion for Summary Judgment and Reply (the "Reply") (Doc. #16). Having considered the parties' arguments and applicable legal authority, the Court grants the Petition for Writ of Habeas Corpus.

Petitioner, a citizen of Cuba, first entered the United States in or about late 2019, presenting himself to U.S. border patrol officials in El Paso, Texas. Doc. #13 at 4. On January 22, 2020, an immigration judge ordered Petitioner's removal. Doc. 13, Ex. 1. On or about April 2021, Petitioner re-entered the United States without inspection and, on May 5, 2021, Petitioner was released under an order of supervision. Doc. #13, Ex. 2. Four years later, on August 20, 2025, Petitioner was arrested for driving without a valid license plate near Waco, Texas.[1] Doc. #13 at 4; Doc. #15 at 1. Following his arrest, Petitioner was placed into immigration custody at the Montgomery Processing Center in Conroe, Texas. Doc. #13 at 4. At this time, he remains in

---

[1] No criminal charges were filed against Petitioner. Doc. #13 at 4.

custody and has not been afforded a bond hearing. *Id.* at 8. The parties do not dispute that Petitioner has no criminal history, poses no flight risk, and is not a danger to the community.[2] *See* Doc. #13 at 4-8; *see also* Doc. #15.

Petitioner argues his continued and prolonged detention is unlawful under Supreme Court precedent and violates the Due Process Clause of the Fifth Amendment. Doc. #13 at 12-15 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). In their Response, Respondents explain that ICE has "attempted to remove Petitioner to Cuba, Mexico, the Dominican Republic, Costa Rica, and Honduras, but has not been successful." Doc. #13 at 1. Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days. 8 U.S.C. § 1231(a)(1)(A). Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into 8 U.S.C. § 1231 and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689–90. This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Here, Petitioner has a final order of removal from January 22, 2020, and he was released on an order of supervision on May 5, 2021. Doc. #13, Ex. 1, Ex. 2 at 1. Petitioner complied with the requirements of his release until he was re-detained on August 20, 2025. Doc #13 at 4; *see* Doc. #15 at 1. Petitioner has been detained for over eleven months. Respondents do not dispute these facts and instead state that "[a]t this juncture, there are no facts in the instant case that would allow a finding that Petitioner's continued detention meets the standard set forth in *Zadvydas v.*

---

[2] Petitioner does not note any criminal history other than the arrest that led to his detention (no charges were filed), and Respondents do not dispute this. Doc. #13 at 4-8; *see* Doc. #15.

*Davis.*" Doc. #15 at 1. Respondents therefore concede that they cannot rebut Petitioner's showing under *Zadvydas*. *Id.*; Doc. #13 at 12-13; Doc. #16. The Court agrees and finds that Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

Accordingly, the Court concludes that Petitioner's detention, without a significant likelihood of removal in the reasonably foreseeable future, violates his right to procedural due process. *See Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216, at *1 (W.D. Tex. Apr. 6, 2026) (granting habeas relief under *Zadvydas* where Petitioner had been detained for well over six months and Respondents were unable to effectuate his removal despite repeated efforts). After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Petitioner's Amended Petition for Writ of Habeas Corpus is GRANTED. Doc. #13.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.
2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.
3. Respondents are further ORDERED to return to Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

JUL 2 8 2026

Date

The Honorable Alfred H. Bennett
United States District Judge